FILED

MAR 18 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

E. DRAKE

CASE NUMBER:

*Plaintiff*

CV 16 1366

VS

KAW

THE NIELLO COMPANY, NIELLO IMPORTS OF ROCKLIN, INC., NIELLO PERFORMANCE MOTORS INC., NIELLO MOTOR CAR COMPANY, AND SHIPPING EXPERTS INC.

*Defendants*

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, E. Drake hereinafter referred to as "Plaintiff" and bring this action against Defendants: The Niello Company, Niello Imports of Rocklin, Inc., Niello Performance Motors Inc., and Niello Car Company hereafter these named defendants shall be collectively referred to as either "Defendant Niello" or "Niello" and Defendant Shipping Experts Inc., and for cause of action would show as follows:

## I. NATURE OF THE ACTION

This is an action for fraudulent misrepresentation suffered by the Plaintiff as a direct and proximate result of the Defendants' Niello breach of contract, deceptive trade practices, unfair trade practices, fraud, negligence, and Defendants Niello and Shipping Experts Inc., or Shipping Experts damage to a 2003 C32 Mercedes Benz AMG Automobile.

## II.
## PARTIES

1.     WVPG LLC, is a small sole proprietorship company in the state of Texas.

2.     Defendants: The Niello Company, and Niello Performance Motors may be served with summons through its registered agent of service: **Richard L. Niello Jr.**, 1481 River Park Drive, Sacramento, CA. 95815. Defendant Niello Imports of Rocklin, Inc., may be served with summons through its registered agent: **Martin Camsey**, 1481 River Park Dr.,

**PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS**                    **PAGE 1**

Sacramento, CA. 95815. Defendant Niello Motor Car Company may be served with summons through its agent: **Nikki Pane**, 4609 Madison Avenue, Sacramento, CA. 95841.

3.        Defendant Shipping Experts Inc., (referred to herein as Shipping Experts) may be duly served with summons through its registered agent of service: **Vladimir Nikolaychuk** at: 7551 14TH Avenue, Suite number A, Sacramento, CA. 95820.

## III. JURISDICTION & VENUE

4.        Jurisdiction is based on 28 U.S.C. section 1332 given that the Plaintiff is located in Texas, and Defendants Niello whose principal place of business is in California, but none in Texas. Plaintiff invokes this Court's jurisdiction of this action also under 42 U.S.C. §1981, 15 USC §2301, 28 U.S.C. § 1331, 1343, 49 U.S.C. §§ 32701-32711, 49 C.F.R., Sections 580.1-580.6, and Federal Trade Commission Act §§ 455.2–455. And supplemental jurisdiction under 28 U.S.C. § 1367, over state law violations.

5.        This lawsuit asks federal questions of whether or not Defendant Niello violated federal odometer laws, 42 USC §1981 of a written contract, and other civil rights violations. This lawsuit ask a federal question.

6.        At all relevant times, the Defendants Niello and Shipping Experts solicited, and conducted business in the State of California. Plaintiff signed the contract to purchase the C32 Mercedes Benz and settlement agreement with Niello, which is the subject of this lawsuit in Texas and California. Niello has solicited and sold automobiles to other Texas residents. The defendant's did business in San Francisco, CA. Defendants Niello and Shipping Experts at all times relevant to this suit were actively doing business in California.

7.        Upon information and belief, at all relevant times prior to Niello's deceptive behavior, Defendants Niello and Shipping Experts was and doing business in California.

## VI.
## FACTUAL BACKGROUND

8.     Plaintiff purchased a Mercedes Benz AMG C32 2003 model with only 35,188 miles on the odometer. Plaintiff contacted Candy Beck (hereon referred to as Candy) on September 25, 2013 and began to negotiate a price to purchase the 2003 C32 Mercedes Benz. The Plaintiff had to file a lawsuit to prompt Niello to sell him the C32.

9.     Niello representatives and the Plaintiff signed a release and agreement. However, upon the Plaintiff receiving all of the paper work from the state of Texas concerning the odometer reading, it was evident that Niello representatives had not been truthful with the Plaintiff in the agreement that he signed. Further, Plaintiff calculates that there is one hundred miles on the C32 that is not accounted for and Niello's representatives and or legal counsel have not provided any reasonable explanation for the increase in mileage. This is a performance vehicle that is meant to be driven well-over 130 MPH on the track and therefore it is imperative that the Plaintiff is aware of any accidents or that may have been caused to the vehicle by an accident or other causes for the safety of the Plaintiff.

10.     Additionally, at the time of Plaintiff receiving the C32 from shipping experts there were damages to the wheels that weren't present when the Plaintiff inspected the vehicle when he was in California. In addition, Candy Beck (sales person at Niello) never mentioned in any of her emails about damage to the wheels of the vehicle. The wheels along will cost thousands of dollars on this vehicle to replace. Moreover, the mileage of this vehicle has been a serious issue. Thus, discovery would be needed to solve these unknown problems.

11.     Plaintiff has suffered mental anguish from the extreme behavior of Niello and its employees and by Shipping Experts apparent damage to the C32. Plaintiff has tried to

resolve these issues with Niello's outside legal counsel and inside legal counsel without success. The subject vehicle of this legal dispute is a 2003 AMG Mercedes Benz, C32, vin number: WDBRF65J33F302747, and referred to hereon as, "C32" or, or "AMG C32."

12.     As alleged herein, as a direct and proximate result of the Defendants Niello fraud, deceptive and unfair trade practices, discriminative, negligence, and wrongful conduct, Plaintiff suffers mental anguish. Plaintiff is making both Niello and Shipping Experts responsible for the damage to the C32 AMG wheels.

## V.
## FIRST CAUSE OF ACTION

**COUNT 1.    MAGNUSON-MOSS WARRANTY CLAIM**

13.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

14.     Plaintiff is asserting a Magnuson-Moss claim for breach of implied warranty. Plaintiff may do so even if the seller did not provide a Magnuson-Moss written warranty. A failure by Niello to comply with the Used Car Rule automatically violates the Magnuson-Moss Warranty Act. This Court has jurisdiction to decide claims brought under 15 USC §2301 *et seq.*, by virtue of 15 U.S.C. §2301(d)–(a). Plaintiff is suing Niello under the Magnuson Act for actual and punitive damages for Niello's breach of implied warranties.

15.     Plaintiff is a consumer as defined in 15 U.S.C. §2301(3).

16.     The aforementioned described motor vehicle (C32) is a consumer product as defined in 15 U.S.C. §2301(6).

17.     15 U.S.C. §2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty. Niello

claimed that the C32 only had (1) one mile on it from the time it was traded to the time the Plaintiff purchased the vehicle, which evidence attached hereof disputes that contention.

18.    Despite repeated demands and the fact that Plaintiff has complied with all reasonable terms and conditions imposed on him by Defendants Niello, Defendants have provided the Plaintiff with information regarding the odometer that appears to be fraudulent. A car dealership unlike a private party has to reveal the true odometer reading on the vehicles that it sells. Defendant Niello claimed that there was only one (1) mile that was put on the C32 from the time it was traded to the time the vehicle was purchased by the Plaintiff. Evidence that the Plaintiff acquired after the agreement was signed from the Texas Department of Motor Vehicles suggest that the mileage on the aforesaid vehicle has been possibly changed, altered, and certainly not reported correctly to the Plaintiff. The mileage is important to determine if the vehicle had been driven after the trade, and whether the subject vehicle was in any type of motor vehicle accident. Part of a dealership's implied warranty is the mileage on the vehicle.

19.    As a result of Defendants Niello breaches of implied warranties as set forth in this Complaint, and Defendants failure to remedy same within a reasonable time and without charge to Plaintiff, Plaintiff has suffered the damages enumerated in this Complaint.

20.    As alleged herein, as a direct and proximate result of Defendants Niello breached their warranties and duties. Plaintiff pray that this Honorable Court enter its Order requiring Defendant to perform by providing certified copies of all paperwork between the previous owner of the C32 and Niello which will show the odometer readings of the C32, and any costs, and actual attorney fees as provided by 15 U.S.C. §2301(d)(2).

## VI.
## SECOND CAUSE OF ACTION

**COUNT 2.    VIOLATION OF FEDERAL ODOMETER LAWS AND REGULATIONS**

21.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

22.    Pursuant to 49 U.S.C. §§ 32701-32711 (Formerly 15 U.S.C. §§ 1981-1991), and 49 C.F.R., Sections 580.1-580.6, Niello violated federal odometer laws and regulations by: 1). Making false odometer disclosure statements to the Plaintiff (vehicle only had 1 mile on it from the time it was traded to the Plaintiff purchase), 2). Failure to provide buyer complete odometer disclosure statement, 3). Conspiring to violate federal odometer laws and statutes. [By making the statement that the C32 only had 1 mile from the time it was traded to the purchase date of the Plaintiff was very evident of a conspired effort to be untruthful with the Plaintiff regarding the odometer on the C32]. Undoubtedly Niello is hiding something about the C32 that it was willing to commit a violation of federal laws.

## VII.
## THIRD CAUSE OF ACTION

**COUNT 3.    COMMON-LAW FRAUD**

23.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

24.    Defendants committed common-law fraud causing Plaintiff to sustain compensable damages. Defendants made material misrepresentations to Plaintiff of the mileage on the C32. Each of these misrepresentations was made with knowledge of its falsity or was made recklessly, without any knowledge of the truth, and as a positive assertion. Each of the misrepresentations was made with the intention that it should be acted on by Plaintiff. Plaintiff relied on each of the misrepresentations and thereby suffered injury.

25.    The above-described acts constitute concealment or mission by Niello of the following material facts:

1).    That the odometer reading wasn't correct as revealed to the Plaintiff.

The failures by Defendant Niello to disclose material facts include but not limited to the following:

a).    Failing to disclose to the Plaintiff the correct the odometer reading;

26.    On information and belief Defendants Niello made the above-described mis-representations, concealments and omissions of material facts with knowledge of heir falsity or with reckless disregard of the truth.

27.    The above-described actions were committed by Defendants Niello willfully, wantonly, and with reckless disregard for the truth and the rights of the Plaintiff. The Plaintiff will submit to this Court the following exhibits to support his case against the Defendants:

Exhibit 1: Mileage on document of 35, 121 (Vehicle/Vessel Transfer From)
Dated: September 27, 2013

Exhibit 2: Mileage on document of 35, 219 (Vehicle/Vessel Transfer Form)
Dated January 8, 2014

Exhibit 3: Mileage on document of 35, 212 (retail Installment Contract)
Dated September 29, 2013

**PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS**          **PAGE 7**

Exhibit 4: Mileage 35, 218 (Picture of the C32 odometer taken by Niello)

Exhibit 5: Mileage 35, 188 (C32 advertised on Cars.com)

Exhibit 6: Mileage 35, 188 (C32 advertised on Cars Gurus)

Exhibit 7: Documents obtained from Texas Department of Motor Vehicles

> a). State of Nevada Certificate of title signed by original owner on September 18, 2013. Mileage: 35, 076.

> b). Document surrendering C32 to Plaintiff. Mileage 35, 219 Dated: January 9, 2014.

> c). Document Vehicle Transfer. Mileage 35, 188 Dated: September 20, 2013

Exhibit 8: an email from the salesperson who is employed with Niello who the Plaintiff originally made contact.

Exhibit 9: Plaintiffs notification to Shipping Experts (carrier) that delivered the C32 to Texas from California that Niello chose for delivery.

28.     On information and belief Niello intended that the Plaintiff rely upon the above-described misrepresentations, concealments and omissions. Plaintiff provided this section of his original complaint to Niello and their attorneys for them to provide a reasonable answer for their behavior. Niello, their representatives and their legal counsel at the time of filing this petition have failed to provide any reasons whatsoever for the mileage differences, which resulted in this litigation. Niello claimed that there was only a 1 (one) mile difference between the times the previous owner traded the vehicle to Niello, and the time the

Plaintiff purchased the vehicle. Exhibit 7, sub section (a) shows that there were 35, 076 miles on the C32 on September 18, 2013, and 2 (two) days later there is another document signed by the original owner stating a mileage of 35,188. This is over a hundred miles that was put on the vehicle in 2 days. These miles were never divulged to the Plaintiff.

29.     The Plaintiff was only able to discover these extra miles when he obtained paperwork from the Texas Department of Motor Vehicles. Moreover, more than one hundred miles is enough to trigger deceptive trade practices, fraud, and the violations of federal law as pled herein. It also comes to a level to investigate this matter further.

30.     Plaintiff relied on the above-described representations, concealments and omissions of Niello, and suffered the damage described in this compliant as a proximate result thereof.

31.     Based on the fraud committed by Defendants Niello, Plaintiff is entitled to, and hereby requests a judgment against Defendants, jointly and severally, for actual damages, exemplary damages, costs, pre-judgment interest, pos-judgment interest, all in amounts to be determined in accordance with applicable law.

# VIII.
## FOURTH CAUSE OF ACTION

**COUNT 4.**     <u>FRAUD BY NONDISCLOSURE AND MISREPRESENTATION</u>

32.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

33.     At all times relevant hereto, Defendants Niello breached the aforesaid duty of disclosure by representing, either affirmatively or by omission, that the aforementioned described defects by failing to disclose the actual mileage on the C32 at the time of trade by the previous owner.

34.     Defendants concealed from or failed to disclose certain facts to the Plaintiff. Defendants had a duty to disclose these facts to the Plaintiff per federal law. These facts were material and Defendants knew that Plaintiff was ignorant of such facts and Plaintiff did not have an equal opportunity to discover such facts until after the sale of the vehicle. Defendants Niello was deliberately silent when they had a duty to speak. By failing to disclose such facts, Defendants intended to induce Plaintiff to take some action or reframe from acting. Plaintiff relied on Defendants' non-disclosure and Plaintiff was injured as of these undisclosed facts. Specifically, Defendants remained silent as to their lack of diligence, failure to disclose an accurate odometer reading.

35.     Defendants Niello made the aforesaid representations, knowing the same to be false or with reckless disregard as to whether they were true or false or, alternatively, innocently but with the intent that Plaintiff rely on same.

36.     Plaintiff reasonably relied on Defendants representations to his detriment as herein before alleged.

37.     Defendants Niello benefited from Plaintiffs' reliance.

38.     As a result, Plaintiff was damaged and injured. Based on the fraud by nondisclosure committed by Defendants Niello, Plaintiff is entitled to, and hereby requests, a judgment against Defendants, jointly and severally, for actual damages, exemplary damages, costs, pre-judgment interest, post-judgment interest, all in amounts to be determined in accordance with applicable law.

**PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS**           **PAGE 10**

39.    Defendants violated the duty owed to Plaintiff by failing to exercise reasonable care and competence. Defendants Niello supplied the false information for the Plaintiff's benefit and guidance, knowing that Plaintiff would in fact rely on it. The Plaintiff reasonably justifiably relied on the false information provided by the Defendants. The fore-going acts and omissions described above of the Defendants Niello, taken separately or collectively, constitute a direct and proximate cause of the Plaintiff's injuries and damages.

## IX.
## FIFTH CAUSE OF ACTION

**COUNT 5.**    BREACH OF WRITTEN AGREEMENT BREACH OF CONTRACT

40.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

41.    Pursuant to Texas state law and federal law, Plaintiff pleads a cause of action against Defendants Niello for breach of contract and breach of written agreement.

42.    Plaintiff signed a settlement agreement with Defendant Niello regarding the purchase of the C32. Plaintiff accepted the contract forwarded to him by Niello, and signed the contract timely in the state of Texas, and was ready to perform his obligations under the contract. The contract read that it could be signed in counterparts. Plaintiff signed the contract in Texas and had it notarized. The notary is ready to testify. And though Niello desired the Plaintiff to sign another copy of the same agreement in California, this does not waive Texas jurisdiction. Pursuant to jurisdiction, Niello has made enough contacts with Texas for this Court to maintain jurisdiction in this case. No one knows where the damage to the C32 wheels occurred, in what state since the vehicle was shipped. Plaintiff knows that the damage to the wheels wasn't on the wheels when he inspected them in California. Niello re-

presentatives advised the Plaintiff of the (one) 1-mile controversy by email while the Plaintiff was in Texas. In other words, Niello made the fraudulent statement by and or through interstate commerce and through emails received by the Plaintiff to deceive him.

43.     The undisputed facts plainly reflect that Defendant Niello violated the settlement agreement signed by Plaintiff because of its concealment and fraud. Plaintiff has worked in the automotive industry, and it would be nearly impossible to put only one (1) mile on a vehicle that needs to be inspected, test driven before the trade, and other necessary things needed to evaluate a used car. Niello ad for the C32 stated, "It's a rocket!" Meaning that some person at Niello test-drove the vehicle to know its fast car. Plaintiff, therefore respectfully request this Court to order Defendant Niello to specifically perform its obligations under the agreement, and order Defendant Niello to release to the Plaintiff certified copies of each and every document that was signed by any and all parties regarding the C32 Mercedes Benz which is the subject of this litigation, by sworn affidavit.

44.     Defendants Niello, its agents, and representatives breached its written agreement with the Plaintiff by failing to perform, and by providing false information to the Plaintiff. The contract that the Plaintiff signed gives this Court substantial connection with the forum and is therefore a sufficient basis for jurisdiction in this suit based on that contract. *McGee v. International Life Insurance Co.*, and *Burger King Corp. v. Rudzewicz.* Moreover, there is a fundamental fairness that this case is heard in Texas. Niello breached the settlement agreement it representatives signed with the Plaintiff. Niello cannot conspire to willfully breach the settlement agreement, and yet expect to enforce any part of the agreement.

45.     Defendants Niello is guilty of unfair trade practices in violation of the Texas law, and the statutes. These practices have been a producing and proximate cause of Plaintiffs' damages.

**PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS**          **PAGE 12**

## X.
## SIXTH CAUSE OF ACTION

**COUNT 6.**     DECEPTIVE AND UNFAIR TRADE PRACTICES

46.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

47.     Pursuant to Texas state law and federal law, Plaintiff pleads a cause of action against Defendants Niello, its agents and representatives for deceptive and unfair trade practices, and fraud by interstate commerce.

48.     The Plaintiff is a 'consumer' as defined under the Texas Deceptive Trade Practices Act and the Texas Business & Com. Code § 17.45 (4) in that he sought to purchase an automobile from the Defendants Niello. The Defendants engaged in acts or practices declared unlawful by Texas Business & Com. § 17.41 et seq. (the "TDTPA" Texas Deceptive Trade Practice Act). Plaintiff further shows as follows:

a.  Defendant Niello, its agents and its representative's actions were deceptive when they failed to disclose the correct odometer reading on the C32 to the Plaintiff.

b.  The actions of Niello, its agents and representatives were unfair and deceptive practices against the Plaintiff, which caused the Plaintiff injury through their intentional harmful actions and behavior. The breach was a producing cause of the Plaintiffs damages. In fact, "[e]ven a truthful statement may be deceptive if it has a capacity or tendency to deceive." The capacity to deceive can be found without a finding that anyone has actually been deceived, *State ex rel. Mcleod v. Brown*, 294 S.E. 2d 781, 783. Texas

Deceptive Trade Practices, under § 17.46. DECEPTIVE TRADE PRACTICES UNLAWFUL. (A) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61.

49.     Again under the deceptive trade practices acts, an unfair or deceptive acts or practices, the Plaintiff do not have to show that a claim or representation was intended to deceive, the Plaintiff only need to show that it had the capacity effect or tendency to deceive. The capacity to deceive can be found without a finding that anyone has actually been deceived:

a).     The Plaintiff only has to establish that an act or practice is unfair or deceptive;

b).     The Plaintiff must demonstrate that the practice has an impact upon public interest, and in this case misrepresenting the condition of the C32, and failing to disclose the correct odometer reading certainly does have an impact on public interest. Plaintiff never saw the "as is" label on the C32.

50.     Plaintiff suffered mental anguish as a result of the Defendants Niello deceptive acts. Defendant's behavior was knowingly and intentional to deceive the Plaintiff. Thus the Defendant Niello violated Tex. Bus. & Com. Code §17.50(b)(1), §17.46(b) for its false, misleading, and deceptive acts or practices, as well as §17.50(a)(1), (a)(2), (a)(3) and (a)(4). Niello, its agents and representatives committed these acts against the Plaintiff through interstate commerce intentionally to deceive the Plaintiff.

51.     Defendants Niello, its agents and representatives acted knowingly, pursuant to the Tex. Bus. & Com. Code §17.50(a), (b)(1). Plaintiff is seeking to recover trebled damages.

52.     It is a deceptive act or practice for any used vehicle dealer, pursuant to the Federal Trade Commission Act §§ 455.2 though 455.5 when that dealer sells or offers for sale a used vehicle in or affecting commerce to:

a).     misrepresent the terms of any warranty offered in connection with the sale of a used vehicle;

b).      selling Plaintiff an automobile with odometer that may have been altered or reported incorrectly, of which Niello knew or should have known;

c).     failing to comply with the Plaintiffs reasonable alternatives to compromise;

d).     violating the Magnuson-Moss Warranty Act.

53.     The above-described actions were committed by Defendants Niello willfully, wantonly and with reckless disregard of the rights of Plaintiff.

54.     As alleged herein, as a direct and proximate result of Defendants Niello, its agents and representatives committed fraud, and unfair trade practices. The Defendants acts and omissions, and its intentional fraudulent behavior coupled with its deceptive acts, caused the Plaintiff to suffer continually and emotional distress. The Plaintiff seeks actual and punitive damages from Defendant Niello, its agents and representatives as alleged herein.

**PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS**                    **PAGE 15**

# XI.
## SEVENTH CAUSE OF ACTION

**COUNT 7.    SPECIFIC PERFORMANCE**

55.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

56.    At the time Plaintiff and Defendants Niello entered into the settlement agreement referred to herein, the consideration Plaintiff was to receive the C32 without damage that had not been noted by the Plaintiff, if any, in the undamaged condition that Defendant Niello promised to deliver.

57.    Plaintiff has no adequate remedy at law to enforce the provisions of the Agreement described herein, other than specific enforcement of the Agreement.

58.    Niello is responsible for the damage to the Plaintiffs wheels on the C32 as well as the Defendant Shipping Experts, because Niello chose this car transportation company. As seen by Plaintiffs affidavit, he inspected the C32 closely when he was in California to purchase the vehicle and there was no damage to the wheels. Niello's own salesperson did not report any damage to the wheels of the C32 AMG, thus the damage was caused during the transportation of the C32, and thus this Court's jurisdiction is proper. There are complaints on the Internet regarding Defendant Shipping Experts, as shown below:

> This company damaged my Mustang... they wouldn't provide a bill of lading showing they damaged it.... threatened to hold car hostage if they didn't get cash for the delivery.  The owner is a thief and a liar.   The truck driver should be in jail.  The DOT is a joke... they won't do anything.  The police say it is a civil matter.  So nobody will go after these people. It's a license to steal.
> One more point... the car smelled of body odor too.  Filthy disgusting driver sweat all over my seats and I know he smoked in my car.   There were over 50 miles more on the car than expected too.  Joy ride in my car... jerks.
> Never give your vehicle to Shipping Experts.

**PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS**                    **PAGE 16**

59.     Plaintiff is entitled to specific performance of the terms, conditions, and provisions of the Agreement described herein, by court decree, among other things, ordering Defendant Niello to complete conveyance of the C32 as described herein.

60.     Plaintiff is entitled to compensation incidental to a decree of specific performance by virtue of the delay of Defendants Niello in conveying the C32 described herein, in that Plaintiff was deprived of fair rental value of the property during the period of delay.

## XII.
## EIGHTH CAUSE OF ACTION

**COUNT 8.**     VIOLATION OF 42 USC §1981

61.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

62.     Pursuant to 42 USC §1981 the Plaintiff have a right to enforce a contract just as white citizens. It is Plaintiffs belief that Defendant Niello breached its settlement agreement or contract by not disclosing the correct mileage on the C32 that the Plaintiff purchased on account of Plaintiffs race, African-American.

63.     In particularly, on performance automobiles, mileage is crucial, and by Niello's intentional wanton actions of providing the incorrect mileage to the Plaintiff, Defendant Niello committed fraud, deceptive trade practices, and therefore Plaintiff is due an explanation to the lost of 100 miles on the automobile. Defendant Niello actions were intentional malice with intent to injury Plaintiff and or to hide something that the Plaintiff was not aware of. Plaintiff has spent an additional $4,500.00 on the vehicle since purchase.

**PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS**          **PAGE 17**

64.     Plaintiff wishes to enforce the settlement agreement by demanding that Defendant Niello provide answers to the over 100 miles that was not reported to the Plaintiff and for damages. In trying to negotiate with Niello, their counsel has threatened the Plaintiff if he should file suit in Texas. Plaintiff asserts that Niello openly lied to him on account of his race, African-American, being that the dealership does very little business with nonwhites. Niello may have felt that they could lie to the Plaintiff without any serious consequences.

## XIII.
## NINTH CAUSE OF ACTION

**COUNT 9.**     NEGLIGENT AND NEGLIGENT MISREPESENTATION

65.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

66.     Defendants Niello and Shipping Experts and its agents and representatives owed a duty to the Plaintiff to use reasonable diligence in handling, and investigating the Plaintiffs claims for damage to his vehicle and by providing accurate information to the Plaintiff regarding the mileage of the C32.

67.     The Defendant Niello apparently wanted to rely on the negligence doctrine, but that does not apply for acts that have already occurred. When Niello signed the settlement agreement they already had committed a violation of the agreement because they knew that the C32 had more than one (1) mile on the vehicle from the time it was traded to the moment the Plaintiff purchased the vehicle.

68.     Niello was negligent in its misrepresentations regarding the mileage on the C32, and did so knowingly and willingly. Niello behavior was reckless, but cunning, and it was intentional, to deceive.

69.     Defendants Niello, its agents and representatives were negligent of one or more of the following negligent acts and/or omissions:

## XIV.
## TENTH CAUSE OF ACTION

**COUNT 10.   EXEMPLARY DAMAGES AND VICARIOUS LIABILITY**

70.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

71.     A principal (Niello) can be held vicariously liable for the contracts and torts of its agent acting within the scope of the agent's actual authority (Niello's sales staff and its legal counsel). Niello conferred authority on its agents (managers of sales and legal counsel). Niello's agents (manager of sales, sales staff and its attorneys were acting within the scope of its agency when it executed the settlement agreement or contract and knew that it contain a fraudulent statement concerning the mileage of the vehicle.

72.     Plaintiffs injuries resulted from defendant's Niello's and Shipping Experts gross negligence and deception, which entitles Plaintiff to exemplary damages.

73.     Niello hired its management and outside legal counsel, and it is reasonable to believe that each agent that had knowledge of the contract with the Plaintiff concerning the C32, had knowledge that the contract contained a fraudulent statement concerning the

C32's mileage. These individuals were acting on behalf of the Niello family and Niello dealerships and thus they had a principal-agent relationship. An agent is a person who is authorized by the principal to transact business or manage some affair of the principal's behalf. *Paragon Indus. Applications, Inc. v. Stan Excavating, LLC*, 432 S.W.3d 542, 548 (Tex.App.—Texarkana 2014).

74.    The manager at Niello's car dealership would be considered as an agent, and generally speaking they are subject to the principal's right of control. *Royal Mortg. Corp. v. Montaue*, 41 S.W.3d 721, 733 (Tex.App.—Fort Worth 2001, no pet.). Niello's outside counsel would be considered as a subagent, because counsel is an agent that has been delegated to perform an act for the principal. *Arvizu v. Estate of Puckett*, 364 S.W.3d 273, 277 (Tex.2012). An agent is authorized to act on behalf of the principal when the principal has granted the agent authority to act and there is a meeting of the minds about the nature of their relationship. These agents had express authority to represent the principal, the Niello family, Niello (owner) and (part-owners).

75.    The agents had actual authority to execute the settlement agreement contract on behalf of the principal Niello. And the agent was acting within the scope of its authority. *Weatherly Trust*, 855 S.W.2d 826, 837 (Tex.App.—Amarillo 1993, writ denied). A principal is liable for the physical harm (emotional distress) and other harmed caused by the intentional or negligent conduct of its agent.

76.     Plaintiff seeks exemplary damages from Niello through its vicarious liability because these offenses were performed within the scope of the agents employment, whether full-time employees or outside contract employment of legal counsel or both, their actions were recklessly tolerated by high managerial personnel of Niello, the CEO, president and vice president of the dealership.

## XV.
## TWELFTH CAUSE OF ACTION

**COUNT 11.**   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

78.     Defendants Niello conduct in scheming against the Plaintiff by advising him that the C32 had only one (1) mile on it from the time it was traded to Plaintiffs purchase and to have to file yet another lawsuit is intentional emotional distress.

79.     Defendants' conduct went beyond all possible bounds of decency and was intended to, and did in fact; cause emotional distress and the other injuries complained of throughout this Complaint by the Plaintiff and incorporated herein by reference. Plaintiff has no idea what other damage could have been caused to the C32. It is emotionally difficult to know if a vehicle will perform or not perform because of a hidden problem the consumer (Plaintiff) may not be aware of.

80.     Defendants' conduct would be regarded as atrocious and utterly intolerable in a civilized community. The untrue statements were evident after the Plaintiff had purchased the vehicle and was privileged to supporting documents attached herein.

81.     Each individual Defendant's conduct was a proximate cause of the Plaintiff's injuries and damages as set forth herein.

## XVI.
## DAMAGES

82.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages. Evidence clearly demonstrates that Defendant Niello has committed deceptive and unfair trade practices and other causes of actions that the Plaintiff has pled herein.

83.     Plaintiff suffered mental anguish on account of Defendants Niello's behavior towards him. Plaintiff is seeking an order from this Court decreeing that Defendants Niello shall release all and any paperwork concerning the subject vehicle in this litigation: and the AMG C32 as described herein to the Plaintiff, and that Niello and Shipping Experts will be responsible for the replace of the damaged wheels on the C32. That Niello be ordered to compensate Plaintiff for damages on account of their deceptive behavior, including mental anguish.

84.     In addition, Plaintiff by this action, seeks compensatory damages, damages for deceptive trade practices, expert fees, cost, interest, punitive damages, and other causes of actions pled herein and for all other monies and damages to which he may be entitled and:

■    Attorneys' fees for preparation and trial;

- Attorneys' fees if there is to be an appeal to the 5th Court of Appeals in New Orleans;

- Attorneys' fees if there is to be an appeal to the Supreme Court of the U.S;

- Incidental damages;

- That Defendant Niello be made to perform as originally agreed to;

- Past mental anguish;

- Cost of replacement of wheels that were damage during shipping;

- Future and past emotional distress;

- Damages for violation of contract;

   1. In an alternative, Trebled damages;

   2. Plaintiff respectfully requests that the Court grant additional damages as already pled herein of: Fraud, Misrepresentation, Deceptive and Unfair Trade Practices, Discrimination, and other causes pled herein.

## XVII.

## ATTORNEYS' FEES, COSTS & INTEREST

85.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

86.    Plaintiff hereby sues for the recovery reasonable attorneys' fees, costs of court and pre-and post-judgment interest at the highest rates to which he is entitled.

## XVIII.

### REQUEST FOR JURY TRIAL

87.     Plaintiff hereby requests a jury trial on all matters set forth in his original petition as pled to this Honorable Court.

## XIX.
### PARYER FOR RELIEF

88.     Plaintiff prays for a judgment against Defendants Niello and Shipping Experts Inc., it agents and representatives and each of them as follows:

1.     Special damages for Plaintiff in an amount to be determined at trial;

2.     General damages for Plaintiff in an amount to be determined at trial;

3.     Punitive Damages in an amount to be determined at trial;

4.     Cost of suit;

5.     Attorney fees for preparation and trial;

6.     Attorney fees if there is to be an appeal to the U.S. Supreme Court;

7.     Incidental damages;

8.     An order that Niello be made to performed as pled herein;

9.     Past and future emotional distress;

10.     Trebled damages;

11.     Prejudgment interest;

12.     For such other and further relief as the court deems just and proper.

## XX.
## PRAYER

89.     WHEREFORE PREMISES CONSIDERED, Plaintiff hereby prays that Defendants be served with summons; be cited to appear and answer herein; and that after a trial of this matter that Plaintiff obtain an order of judgment against the Defendants Niello and Shipping Experts. That Plaintiff be awarded compensatory damages, reasonable attorneys' fees, costs of court and pre-judgment and post-judgment interest at the highest rates to which he is entitled to receive; and for such other proper relief to which Plaintiff is entitled. Additionally Plaintiff pray that:

A.     Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

B.     Award damages to Plaintiff for the violations of his rights as prayed for herein;

C.     Award Pre-and post-judgment interest;

D.     Award Punitive damages as prayed;

E.     Grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

Respectfully submitted,

E. Drake
PO Box 833688
Richardson, Texas 75083
903-453-7880

PLAINTIFFS ORIGIANL PETITION/NIELLO/SHIPPING EXPERTS          PAGE 25