UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. DRAKE,<br><br>Plaintiff,<br><br>v.<br><br>THE NIELLO COMPANY, NIELLO IMPORTS OF ROCKLIN, INC., NIELLO PERFORMANCE MOTORS INC., NIELLO MOTOR CAR COMPANY AND SHIPPING EXPERTS INC.,<br><br>Defendants. | No. 2:17-cv-1036-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Defendant Niello Performance Motors Inc.'s ("Niello Performance") moves for judgment on the pleadings (ECF No. 83) and plaintiff has filed motions for recusal (ECF No. 88), to transfer venue (ECF No. 97), to amend the complaint (ECF No. 102), and to stay the case (ECF No. 108).[1] Also pending is the court's July 24, 2017, order directing plaintiff to show cause why sanctions should not be imposed for his failure to timey respond to Niello Performance's motion. ECF No. 99.

For the reasons explained below, the order to show cause is discharged and plaintiff's motions for recusal, to transfer venue, and to stay the case are denied. Further, it is recommended

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

that plaintiff's motions to amend the complaint be denied and Niello Performance's[2] motion for judgment on the pleadings be granted.

I.  Procedural History

Plaintiff, a resident of Texas proceeding pro se and *in forma pauperis*, originally commenced this action in the United States District Court for the Northern District of California, alleging claims against The Niello Company; Niello Imports of Rocklin, Inc.; Niello Performance; Niello Motor Car Company (collectively referred to as "Niello Defendants") and Shipping Experts, Inc. ECF No. 1. His claims involve his purchase of a vehicle from the Niello defendants in this district. Plaintiff subsequently settled his claims against Shipping Experts Inc., and all claims against that defendant were dismissed with prejudice. ECF Nos. 44 & 62.

While this action was pending in the Northern District of California, the Niello defendants moved to dismiss the complaint for insufficient and untimely service of process pursuant to Rule 12(b)(5). ECF No. 25. The court ruled that plaintiff had failed to properly serve the Niello defendants, but ultimately and granted plaintiff an extension of time to complete service of process. ECF No. 60. Defendant Niello Performance then accepted service of process and executed a waiver of service. ECF No. 58, 59. Niello Performance subsequently filed an answer to the complaint (ECF No. 65), to which plaintiff filed a reply (ECF No. 66).[3]

Thereafter, plaintiff filed a motion seeking recusal of the assigned district judge in the Northern District of California. Plaintiff argued, among other things, that the case should be transferred to the Eastern District of California. ECF No. 72. That recusal motion was denied, but the parties were ordered to show cause why the action should not be transferred to this district pursuant to 28 U.S.C. § 1404(a). ECF No. 73. Plaintiff did not oppose the transfer, but Niello Performance did.[4] The case was ordered transferred based on a finding that litigation in the

---

[2] The court determined that oral argument would not be of material assistance to the court and the motions were submitted without oral argument pursuant to Eastern District of California Local Rule 230(g).

[3] The docket does not reflect that plaintiff ever properly served any of the other Niello defendants in spite of having been granted an extension of time to do so.

2

1 | Eastern District would be more convenient because the Niello defendants are located in the
2 | Eastern District, plaintiff can travel to this district by air, and the parties previously met and
3 | conferred in Sacramento to reach a settlement agreement in an earlier filed action. ECF No. 78.

Shortly after the transfer Niello Performance moved for judgment on the pleadings pursuant to Rule 12(c). ECF No. 83. In violation of Local Rule 230, plaintiff failed to file either an opposition or statement of non-opposition. Accordingly, he was ordered to file such a response and to show cause why sanctions should not be imposed for his violation of the local rule. ECF No. 90. Thereafter, plaintiff requested an extension of time to respond (ECF No. 95, 96) and moved to transfer the case to the United States District Court for the Southern District of Texas (ECF No. 97).[5] The requested extension was granted, and plaintiff eventually filed an opposition to Niello Performance's motion. ECF No. 100. He also moved to amend the complaint (ECF No. 102) and stay this case (ECF No. 108), but failed to notice these motions for hearing, again in violation of Local Rule 230.

II. Motion to Recuse

Plaintiff has moved for recusal of the assigned district judge and magistrate judge. ECF No. 88. The motion lacks merit. The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He shall also disqualify himself when he has "a personal bias or prejudice concerning a party . . . ." *Id*. § 455(b)(1). The standard for determining whether impartiality might be reasonably questioned is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Holland*, 519 F.2d 909, 913 (9th Cir. 2008). Plaintiff has not demonstrated any such basis for recusal here. Instead, he argues

---

[4] Niello argued that the Northern District had already decided several motions and was familiar with the case. ECF No. 74

[5] Plaintiff had previously filed a pleading entitled "Plaintiff's Motion for Nonsuit," in which he requested that this action be dismissed without prejudice to allow him to refile the case in the United States District Court for the Southern District of Texas. ECF No. 91. He expressly withdrew that motion in his motion to transfer venue. ECF No. 97 at 2.

without support that recusal is required because Judge Mendez was not randomly assigned to this matter. *Id*. at 3.

Plaintiff speculates that there is a possibility that Judge Mendez conspired with Judge Seeborg, the district judge assigned to the case when it was pending in the Northern District, to have the case assigned to Judge Mendez. *Id*. at 2. He further surmises that Judge Mendez then assigned the case to the undersigned "with the intent in all probability to dismiss it." *Id*. at 1. Contrary to plaintiff's speculation, upon receipt of this case the office of the clerk for this court applied the same random assignment system applicable to case assignments generally. Thus, the assignment of judges to this case was done in the same manner as any other transferred case. The district and magistrate judges were randomly assigned to this action and there is no basis for plaintiff's speculation to the contrary.

Accordingly, the request for recusal of the undersigned is denied, and it is recommended that the request for recusal of Judge Mendez be denied as well.

III. Order to Show Cause

In violation of Local Rule 230(c), plaintiff failed to timely file an opposition or statement of non-opposition to Niello Performance's motion for judgment on the pleadings. Accordingly, he was ordered, by July 26, 2017, to file a response to the motion and to show cause why sanctions should not be imposed. Although plaintiff subsequently filed an opposition to Niello Performance's motion (ECF No. 100), he failed to respond to the court's order to show cause.

Given plaintiff's pro se status and that he has now filed an opposition to Niello Performance's motion, the court discharges the order to show cause and no sanctions will be imposed.

IV. Motion to Stay

Plaintiff also moves to stay this action until a case currently pending before the United States Court of Appeals for the Fifth Circuit is resolved. ECF No. 108. Plaintiff states that in June 2017, he filed an action against the undersigned and Judge Mendez which is before the Fifth Circuit and is premised on plaintiff's contention that the judges assigned to in the instant action

/////

4

were not randomly assigned. *Id*. at 2. He contends that this case is necessary to avoid duplicate proceedings. *Id*. at 1-2.

Like his motion for recusal, plaintiff's motion to stay is meritless and appears to be little more than effort to delay disposition of this action.

V.      Transfer of Venue

Plaintiff also moves to transfer this action to the United States District Court for the Southern District of Texas. ECF No. 97.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The party seeking a transfer of venue must show "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)).

Even assuming this action could have originally been brought in the Southern District of Texas, there is no basis for transferring this action a second time. As found by the Northern District of California, the convenience of parties is served by litigating the action in this venue. Niello Performance is located in this district, plaintiff can easily travel by air to this district, and the parties previously met and conferred in this district over a related settlement agreement. *See* ECF No. 78. Moreover, the vehicle that is the subject of plaintiff's claims was purchased in this district. Although it was subsequently shipped to Texas, the bulk of the evidence pertaining that sale and the witnesses with knowledge regarding the sale are located here, not Texas.

Further, transferring this action a second time would simply result in more delay and is not in the interest of justice. This action was previously transferred over defendants' objections after plaintiff indicated that the Eastern District of California was the proper venue. Plaintiff has

now apparently changed his mind about litigating in this district, but his new request smacks of forum shopping. Allowing plaintiff to now pursue this action in a new venue would be tantamount to endorsing that effort. Accordingly, plaintiff's motion to transfer venue is denied.

VI.     Motion for Judgment on the Pleadings

     A.     Complaint's Allegations

Plaintiff's claim arises out of purchase of a Mercedes Benz AMG C32 (the "vehicle") from the Niello defendants. At the time of the purchase, the vehicle had 35,188 miles on the odometer. Compl. (ECF No. 1) ¶ 8. Plaintiff claims that after the sale he obtained paper work from the Texas Department of Motor Vehicles suggesting "that the mileage on the aforesaid vehicle has been possibly changed, altered, and certainly not reported correctly . . . ." *Id*. ¶ 18. He alleges that the Niello defendants falsely represented that vehicle was only driven one mile between the time it was traded in by its prior owner and the time plaintiff purchased the vehicle. *Id*. By plaintiff's calculations there were approximately 100 unaccounted miles that were added to the vehicle's odometer. *Id*. ¶ 9. His calculations appear to be based on a comparison of a State of Nevada Certificate of Title, signed by the original owner and dated September 18, 2013, reflecting a mileage of 35,076; a Vehicle Transfer document dated two days later and indicating that the vehicle's mileage was 35,188; and the mileage at the time he took possession of the vehicle. *Id*. ¶¶ 27-28. He contends that "[t]hese miles were never divulged to" him. *Id*. ¶ 28.

The complaint indicates that the process for purchasing the vehicle was far from seamless. Price negotiations commenced in September 2013 but the vehicle was not transferred to plaintiff until January 2014, after a settlement agreement was reached to resolve a case plaintiff filed against The Niello Company and Niello Imports of Rocklin, Inc. (*id*. ¶¶ 8-9, 27); Def.'s Req. Judicial Notice ISO Mot. J. Pleadings ("RJN"), Ex. 1 (ECF No. 85-1).[6] Plaintiff now claims that

/////

---

[6] Niello Performance's request for judicial notice of documents filed in *EVD/WVPG LLC v. The Niello Company*, 7:13-cv-00626 (S.D. Tex.) is granted. *See* ECF Nos. 85-1, 85-2 Fed. R. Evid. 201(b); *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (stating that a court may take judicial notice of court records in another case). The balance of Niello Performance's request for judicial notice is denied as the remaining documents are not necessary for resolution of the pending motions.

the Niello defendants breached the settlement agreement by falsely representing that it only drove the vehicle one mile and delivering the vehicle to plaintiff with damaged wheels. *Id*. ¶¶ 10, 42.

The complaint purports to allege eleven causes of action, styled as: (1) Magnuson-Moss warranty claim, (2) violation of federal odometer laws and regulations, (3) common-law fraud, (4) fraud by nondisclosure and misrepresentation, (5) breach of written agreement breach of contract, (6) deceptive and unfair trade practices, (7) specific performance, (8) violation of 42 U.S.C. § 1981, (9) negligent and negligent misrepresentation, (10) exemplary damages and vicarious liability, and (11) intentional infliction of emotional distress. *Id*. at 4-22.

Niello Performance moves for judgment on the pleadings, arguing (1) that plaintiff's claims are barred by the doctrine of *res judicata*, (2) his claims were released under the terms of the parties' settlement agreement, and (3) and the complaint fails to sufficiently allege a claim for relief. ECF No. 83 at 14-30.

B. Legal Standards

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "For purposes of a motion under Rule 12(c), the allegations of the non-moving party must be accepted as true, and the allegations of the moving party that have been denied are presumed false." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). A "judgment on the pleadings is appropriate when, even if all allegations in the compliant are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). This standard is "functionally identical" to the one applied in evaluating motions to dismiss pursuant to Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, dismissal is appropriate if the complaint lacks a cognizable legal theory or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addressing this motion, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Further, plaintiff is proceeding without counsel and his pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But this less stringent standard must still be viewed in light of *Iqbal* and *Twombly*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In ruling on this motion the court may consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record,

including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Thus, as noted, the documents filed in *EVD/WVPG LLC v. The Niello Company*, 7:13-cv-00626 (S.D. Tex.) are being considered on this motion.

### C. Discussion

Niello Performance first argues that, with the exception of a claim for claim for specific performance of the settlement, plaintiff's claims are barred by *res judicata*. ECF No. 83 at 14-18; *see* RJN Ex. 1 (ECF No. 85-1).

#### 1. Plaintiff's Preliminary Objections

As a threshold matter, plaintiff argues that the defense of *res judicata* may not be raised in a motion to dismiss. ECF No. 100 at 36. Plaintiff is mistaken. *See Clark v. Yosemite Community College Dist.*, 785 F.2d 781 (9th Cir. 1986) (affirming in part the district court's grant of defendant's motion for judgment on the pleadings on grounds that claim was precluded by *res judicata*). Plaintiff also argues that Niello waived its *res judicata* argument by failing to plead it as an affirmative defense. ECF No. 100 at 29-30. Again, plaintiff is mistaken. Niello Performance's answer specifically asserts that "each and every cause of action contained in the complaint is barred by the doctrine of *res judicata*." ECF No. 65 at 13.

#### 2. Application of *res judicata*

Plaintiff previously filed a case against The Niello Company and Niello Imports of Rocklin, Inc. in the Southern District of Texas. ECF No. 85-1. In both cases (the Texas action and this case) plaintiff sought to litigate the same essential issue, i.e. whether the true condition of the automobile was disclosed to him as the time of the transaction. Plaintiff ultimately settled the Texas case and filed a notice of voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A), noting that the parties were able to resolve their dispute. RJN Ex. 2 (ECF No. 85-2). For purposes of *res judicata*, a voluntary dismissal with prejudiced is considered a final judgment on the merits. *See Intermedic, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262 (N.D. Cal. 1991) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438-39 (9th Cir. 1985); *see also Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) ("By obtaining [a voluntary dismissal with

prejudice], the plaintiff submits to a judgment that serves to bar his claims forever."). Thus, Niello Performance argues that the dismissal of the Texas case is preclusive as to the claims asserted in this case.

Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (*superseded by statute on other grounds*) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). *Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940); 1B James W. Moore, et al., *Moore's Federal Practice* ¶ 0.405[1] (2d ed.1974). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)).

### 3. Identity of Claims

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id*. at 1077-78. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987).

The claims asserted here are substantially identical to those asserted in the Texas case. Plaintiff alleged in the Southern District of Texas case that in September 2013, he contacted the defendants to negotiate the purchase of a 2003 C32 Mercedes Benz. *Id*. ¶ 9. He alleged therein

that the parties reached an agreement for plaintiff to purchase the vehicle for $15,980, which included all taxes. *Id*. He alleged that after he transferred funds and signed a contract, defendants revealed that the vehicle had body damage. *Id*. ¶ 12. He alleged that that the defendants, rather than repair the damage, "sought a way out of the contract." *Id*. Plaintiff also alleged that defendants concealed "[t]hat the odometer reading wasn't correct as given to the Plaintiff." *Id*. ¶ 39. He further claimed that defendants "advertised the C32 with an odometer with one reading, but then the mileage reading continued to change [] over the period of days, and the odometer kept increasing though the vehicle was supposedly sold to the Plaintiff." *Id*. ¶ 44. He further alleged that "he had evidence that the odometer had a different reading [and that] [e]vidence demonstrated that the odometer reading was inaccurate." *Id*.

Plaintiff also purported to assert in the Texas case thirteen causes of action, which he styled as: (1) breach of implied warranties and duties, (2) Magnuson-Moss warranty claim, (3) negligence and gross negligence, (4) common-law fraud, (5) fraud by nondisclosure and misrepresentation, (6) breach of duty of good faith, (7) breach of contract, (8) deceptive and unfair trade practices, (9) specific performance, (10) discrimination under Title 42, (11) discrimination under Section 1985, (12) discrimination under section 1986, and (13) intentional infliction of emotional distress. *Id*. at 6-27.

With essentially the same factual contentions, plaintiff initiated the instant action seeking to again litigate the sale of the same vehicle. In both cases he claimed that the defendants failed to accurately disclose the vehicle's odometer information. There is no question that the claims pertaining to the sale raised in this action arise from the same transactional nucleus of facts as those raised in the Texas action.[7]

/////

/////

---

[7] Plaintiff's also alleges a claim for specific performance based on his contention that wheels to the vehicle that was ultimately delivered to him were damaged its transportation to Texas. *See* ECF No. 1 at 16. Niello Performance concedes that this claim is based on facts that occurred after resolution of the prior action and therefore is not barred by *res judicata*. ECF No. 83 at 14 n.11. That claim is addressed below.

####                     4. Final Judgment on the Merits

As noted, the voluntarily dismissal with prejudice of the Texas action operates as a final judgment on the merits. But plaintiff appears to argue that the prior judgment is not valid because it was based on misleading and untrue statements that induced him to purchase the vehicle and settle his claims. ECF No. 100 at 32. He claims that at the time he agreed to voluntarily dismiss the first action, he had yet to obtain paperwork showing that the vehicle had more than one mile on it from the time the vehicle was received by Niello and the date he purchased it. ECF No. 100 at 26. The argument fails.

Plaintiff did not move in the Texas court for relief from the dismissal, and it is settled law that "[a] judgment issued by a federal court is final for purposes of res judicata" unless "reversed on appeal, [or] modified or set aside in the court of rendition." *Susilo v. Robertson*, 2013 WL 989959, at *4 (C.D. Cal. Mar. 11, 2013) (citing, *inter alia*, *Stoll v. Gottlieb*, 305 U.S. 165, 170 (1938)). Thus, there remains a valid judgment on the merits and it has preclusive effect here.

####                     5. Privity of Parties

For *res judicata* purposes, privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respond to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081-82 (9th Cir. 2003). "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Id.* at 1081 (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983).

Plaintiff argues that privity of the parties is absent because his prior action was brought against The Niello Company and Niello Import of Rocklin, while the instant action is against Niello Performance Motors. ECF No. 100 at 35. This argument, too, fails.

Niello Performance is not the only defendant named in the complaint. The complaint specifically names The Niello Company, Niello Imports of Rocklin, and Niello Motor Car Company as defendants. Furthermore, plaintiff's allegations demonstrate that the entities are in

12

privity and the claims against the defendants involve the same vehicle and transaction. Although the complaint names four separate Niello entities, it treats them as a single entity. Plaintiff collectively refers to these four entities as "Defendant Niello" or "Niello." *See* ECF No. 1 at 1. Furthermore, all allegations are asserted against "Defendant Niello" or "Niello," without differentiating between the four entities. Thus, plaintiff's own allegations establish a substantial identity between the Niello defendants.[8]

Accordingly, with the exception of specific performance, plaintiff's claims are barred by the doctrine of *res judicata*.

### 6. Remaining Niello Defendants

The complaint also alleges claims against The Niello Company, Niello Imports of Rocklin, Inc., and Niello Motor Car Company. ECF No. 1. But after the Northern District of California court found that that plaintiff had failed to properly serve these defendants, it granted him additional time to complete service. ECF No. 60. Since that order, these defendants have not appeared in this action and there is no indication from the docket that they were ever served.[9]

Regardless, the court finds that dismissal of plaintiff's claims against these defendants, with the exception of plaintiff's purported specific performance claim, must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). That statute provides that when a plaintiff is proceeding *in forma pauperis*, the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

/////

---

[8] Niello Performance argues that there is privity between the parties because it is a wholly-owned subsidiary of The Niello Company, a defendant to the prior action. ECF No. 83 at 18. It cites to the parties' settlement agreement to support this argument, but that document does not reference Niello Performance or otherwise establish that it is a subsidiary of The Niello Group. *See* ECF No. 84.

[9] Plaintiff's opposition to Niello Performance's suggests an intention to abandon his claims against the additional Niello defendants. Indeed, he specifically argues that there is no privity between the parties because this action is only against Niello Performance, who was not a party to the prior suit. ECF No. 100 at 35.

13

Plaintiff is proceeding *in forma pauperis* here, ECF No. 9, and as noted above his claims are barred by *res judicata.* The analysis of the doctrine's application to the claims against Niello Performance is equally applicable to the remaining Niello defendants. Accordingly, aside from the purported specific performance claim, all of plaintiff's claim are barred by the doctrine of *res judicata* and must be dismissed.

### 7. Plaintiff's Remaining Claim

What remains is plaintiff's seventh cause of action, which is styled as a claim for "specific performance." Specific performance is a remedy and not a cause of action. *See Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 796 n.20 (N.D. Cal. 2005) ("Specific performance is a form of contractual relief, not an independent claim."). Thus, the court construes this claim as a state law breach of contract claim. In it, plaintiff alleges that he and the Niello defendants entered into a settlement agreement which provided that plaintiff was to receive the vehicle in an undamaged condition. ECF No. 1 ¶ 56. He claims that the Niello defendants breached that agreement by delivering the vehicle with damaged wheels. *Id.* ¶ 58. However, jurisdiction to address this claim is dependent on supplemental jurisdiction. Although the parties are diverse, diversity jurisdiction is absent here. The amount in controversy requirement of 28 U.S.C. § 1332 cannot be satisfied.[10] In his reply to Niello Performance's answer, plaintiff states "there is approximately $1,000 remaining to cover the cost of the wheels." ECF No. 66 at 1. Thus, it is clear that the amount in controversy is far less than the requisite $75,000.

The court should decline to exercise supplement jurisdiction over this remaining claim. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A. G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

---

[10] To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

14

considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, the court should decline to exercise supplemental jurisdiction over plaintiff's state law breach of contract claim.

VII.    Motion to Amend/Leave to Amend

Plaintiff has also filed a motion to amend his complaint. All of plaintiff's claims, with the exception of one, are barred by the doctrine of *res judicata*. Further, the court should decline to exercise jurisdiction over the only surviving state law claim. Accordingly, there is no basis for granting leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile). The motion to amend the complaint must therefore be denied.

VIII.   Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for recusal of the undersigned (ECF No. 88) is denied;

2. The court's June 20, 2017 order to show cause is discharged and no sanctions are imposed;

3. Plaintiff's motion to stay the case (ECF No. 108) is denied; and

4. Plaintiff's motion to transfer venue (ECF No. 97) is denied.

Further, it is RECOMMENDED that:

1. Plaintiff's motion for recusal of the assigned district judge (ECF No. 88) be denied;

2. Niello's motion for judgment on the pleadings (ECF No. 83) be granted and the complaint be dismissed without leave to amend; and

/////

15

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE