UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. DRAKE,<br><br>Plaintiff,<br><br>v.<br><br>THE NIELLO COMPANY, NIELLO IMPORTS OF ROCKLIN, INC., NIELLO PERFORMANCE MOTORS INC., NIELLO MOTOR CAR COMPANY AND SHIPPING EXPERTS INC.,<br><br>Defendants. | No. 2:17-cv-1036-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Defendant Niello Performance Motors, Inc.'s moved to (1) enjoin plaintiff from relitigating against Niello and its affiliates the issues adjudicated in this action, and (2) declare plaintiff a vexatious litigant and impose pre-filing restrictions.[1] ECF No. 120. Also pending is the court's November 28, 2018 order directing plaintiff to show cause why sanctions should not be imposed for failure to timely respond to Niello Performance Motors's motion.[2] ECF No. 138.

---

[1] This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] After the hearing on Niello's motion, plaintiff filed a document styled as an "Amended Notice of Appeal" in which he argued that this court lacked jurisdiction to entertain Niello's motion because his appeal from the judgment dismissing his claim was still pending before the U.S. Court of Appeals for the Ninth Circuit. ECF No. 141. That appeal has since been resolved

1

For the reasons discussed below, the order to show cause is discharged without the imposition of sanctions. Further, it is recommended that Niello Performance Motors's motion be granted in part and denied in part.

I. <u>Order to Show Cause</u>

Niello's motion was previously noticed for hearing on December 5, 2018. ECF Nos. 120 & 136. In violation of Local Rule 230(c), plaintiff failed to timely file a response to the motion. Accordingly, the hearing on the motion was continued to January 30, 2019, and plaintiff was ordered to show cause why sanctions should not be imposed for his failure to timely respond to the motion. ECF. No. 10. Plaintiff was also ordered to file an opposition or statement of non-opposition to the pending motion. *Id.*

Plaintiff did not file a response to Niello's motion, nor otherwise response to the order to show cause. Plaintiff also failed to appear at the December 5, 2018. Nevertheless, in light of the disposition below, the order to show cause is discharged without the imposition of sanctions.

II. <u>Niello's Motion</u>

    A. <u>Background</u>

This action arises out of plaintiff's purchase of a Mercedes Benz AMG C32 (the "vehicle") from Niello Motors, The Niello Company; Niello Imports of Rocklin, Inc.; and Niello Performance (collectively referred to as "Niello").[3] In 2013, plaintiff, a resident of Texas, saw an advertisement for the vehicle and reached out to the Niello to negotiate the purchase of the vehicle. ECF No. 1 ¶ 8. *Id.* After negotiations faltered, plaintiff filed suit against The Niello Company and Niello Imports of Rocklin, Inc. in the United States District Court for the Southern District of Texas. Def.'s Req. for Judicial Notice, Ex. 122 (ECF No. 128-2)[4]. The parties

---

adverse to plaintiff and the judgment was affirmed. ECF Nos. 144 & 145. The court deferred ruling on Niello's motion until plaintiff's appeal was resolved.

[3] Plaintiff also asserted claims against defendant Shipping Experts, Inc., the company that shipped the vehicle to plaintiff's residence in Texas.

[4] Niello's request for judicial notice of court records is granted. ECF No. 120-1; *see, e.g. Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records [and] pleadings . . . .").

2

reached a settlement involving plaintiff's purchase of the vehicle, and plaintiff voluntarily dismissed the Texas case. ECF No. 122-13.

The vehicle was subsequently shipped to plaintiff in Texas. Plaintiff claims, however, that the vehicle's wheels were damaged and the mileage on its odometer had been altered or not previously reported accurately. *Id*. ¶¶ 10, 18. Not long thereafter, plaintiff embarked upon a protracted series of litigation against Niello. First, he filed in the Southern District of Texas a verified petition pursuant to Rule 27(a), which sought authorization to perpetuate testimony from the vehicle's prior owner and two Niello employees. ECF No. 122-14. After that petition was denied, plaintiff filed three additional actions in federal court, each concerning his purchase of the vehicle: one in the Northern District of Texas; another in the Southern District of Texas; and the instant action, which was originally commenced in the Northern District of California. ECF No. 122-14; ECF No. 128-4.

In the instant action, the court granted Niello's motion for judgment on the pleadings and dismissed plaintiff's complaint without leave to amend, finding that plaintiff's claims were barred by the doctrine of *res judicata* due to the settlement and dismissal with prejudice of the original action. ECF Nos. 109 & 110. The Northern District of Texas action was dismissed because plaintiff, who is not an attorney, brought the action on behalf of his company. ECF No. 122-15. Plaintiff's action in the Southern District of Texas—which asserted claims against Niello; the law firm Murphy, Austin, Adams, Schoenfeld which represents Niello in the instant action, as well as well as several current and former judges of this court—was dismissed for lack of personal jurisdiction. ECF No. 126-14; ECF No. 128-6; *see Drake v. Murphy, Austin, Adams, Schoenfeld*, 740 F. App'x 91 (5th Cir. 2018) (affirming dismissal for lack of personal jurisdiction).

Having spent extensive time and resources defending itself in these actions, Niello now seeks to enjoin plaintiff from further litigating issues related to the sale of the vehicle in state and federal courts. ECF No. 120 at 19-23. Niello also requests plaintiff be declared a vexatious litigant and be subjected to a pre-filing order. *Id*. at 23-30.

/////

/////

B. <u>Request to Enjoin Plaintiff from Relitigating Claims</u>

Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The authority conferred by the All Writs Act is limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from enjoining state court actions except in limited circumstances. *California v. IntelliGender, LLC*, 771 F.3d 1169, 1176 (9th Cir. 2014). Of relevance here, "the 'relitigation exception,' allows a court to issue an injunction where necessary 'to protect or effectuate the federal court's judgments." *Id*. (quoting *California v. Randtron*, 284 F.3d 969, 974 (9th Cir. 2002)); *see Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983) (although the doctrines of collateral estoppel and res judicata ordinarily provide adequate protection from relitigating issues and claims, "under the All Writs Act, 28 U.S.C. § 1651, district courts do have the power to reinforce the effects of these doctrines by issuing an injunction against repetitive litigation.").

"[A]n injunction against relitigation need not be premised on exact repetition of an earlier lawsuit. The general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims." *Wood*, 705 F.2d at 1524. In deciding whether to enjoin repetitive litigation, a district court "must balance the benefits to defendants and the court from the reinforcement of the doctrines of collateral estoppel and res judicata against the costs incurred by the plaintiff and the public by closing the court to potentially meritorious claims." *DeNardo v. Murphy*, 781 F.2d 1345, 1348 (9th Cir. 1986) (citing *Wood*, 705 F.2d at 1524-25). "Although litigiousness alone is no reason to enjoin future litigation, frivolous claims by a litigious plaintiff may be extremely costly to defendants and can waste valuable court time." *Id*. (citations omitted).

As described above, plaintiff has filed at least five actions concerning his purchase of the vehicle from Niello. Despite initially settling his claims against Niello, he has continued to file meritless actions in multiple courts. Whether he has done so with the hope of finding a favorable venue or for purposes of harassment, permitting him to continue with this practice would likely result in further waste of scarce judicial resources, as well as further burden Niello with the

expenses that would necessarily accompany further litigation. While the court is cognizant that issuing the requested injunction will impede plaintiff access to the courts, the number of times plaintiff has forced Niello to defendant itself over the same issue warrants granting the requested injunction. *See Denardo v. Murphy*, 781 F.2d 1345 (9th Cir. 1986) ("In view of the number of times [the plaintiff] ha[d] forced these defendants to defend themselves on the same claim, the age of the underlying claim, and the resolution of the same issue in both federal and state courts, the district court did not abuse its discretion by enjoining future litigation over" the termination of plaintiff's employment); *Sprague v. Kobayashi America, Inc.*, 100 F.3d 964 (9th Cir. 1996) (unpublished) ("Sprague demonstrated his intention to continually litigate the issues that were decided by the Washington State Court of Appeals by filing three additional lawsuits against these defendants based on the same factual allegations. Because the district court structured the injunction to prevent only those actions which would be barred by res judicata, the district court did not abuse its discretion.").

    C.    <u>Pre-filing Order</u>

Niello also requests plaintiff be declared a vexatious litigant and be subject to a pre-filing order requiring him to seek permission prior to initiating "any type of proceeding for any claims against Niello or its affiliates, including counsel."[5] ECF No. 120 at 23-30.

District courts have the inherent power "to regulate the activities of abuse litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (discussing requirements for issuing a pre-filing order under the All Writs Act). The issuance of a pre-filing order containing such restrictions is "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp*. 500 F.3d 1047, 1057 (9th Cir. 2007). Nonetheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

---

[5] Niello's motion requested an order requiring plaintiff to "seek permission from *any court* in which he wishes to initiate" a case against Niello or its affiliates. ECF No. 120 at 23. At the hearing, counsel clarified that Niello only seeks a pre-filing order governing cases plaintiff files in the Eastern District of California.

5

Local Rule 151(b) adopts the provisions of the California Code of Civil Procedure relating to vexatious litigants. E.D. Cal. L.R. 151(b). The rule provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

*Id*. California Code of Civil Procedure Title 3A, part 2, defines a vexatious litigant as a person who, in the seven years immediately preceding the motion, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the person. *Id*., § 391(b)(1). To order the posting of a security under § 391.1, the court must additionally conclude, after hearing evidence, "that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." *Id*., § 391.3(a).

Federal law requires that a court seeking to impose pre-filing restrictions must: (1) give plaintiff adequate notice and an opportunity to oppose entry of a pre-filing order before; (2) the court must present an adequate record for review by listing the case filings that support its order; (3) the court must make substantive findings as to the frivolous or harassing nature of the plaintiff's actions; and (4) the order must be narrowly tailored to fit the specifics of the plaintiff's abuses. *De Long*, 912 F.2d at 1147-49.

Here, Niello's motion to declare plaintiff a vexatious litigant is predicated on plaintiff's 20-year history of litigating more than 140 actions in more than 13 states. ECF No. 120 at 33-44; *see* ECF No. 121 through ECF No. 134. Many of these actions were found to be frivolous, which has resulted in plaintiff being declared a vexatious litigant in state and federal courts in Texas. *See, e.g.*, ECF Nos. 123-9, 127-2, 127-4, 127-10, 127-15, 127-17.

Plaintiff's extensive litigation history in those various states and districts underscores the need to deter his vexatious litigation behavior. However, the court's records reflect that this action, which was transferred to this district from the Northern District of California, is the only

case plaintiff has litigated before this court. If plaintiff files a new action, he must either file an application to proceed *in forma pauperis* or pay the court's filing fee. If he pursues the latter, his complaint will be screened, which should provide Niello the protection it seeks from a further frivolous action. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Conversely, should plaintiff commence an action and pay the required filing fee, other sanctions—include monetary sanctions and/or those available under Rule 11—would be both available and warranted to serve as a deterrent to filing frivolous or harassing pleadings. *See Ringgold-Lockhart*, 761 F.3d 1057, 1065 (9th Cir. 2014) ("Before entering this broad pre-filing order . . . the district court assuredly should have considered whether imposing sanctions such as costs or fees on the Ringgolds would have been an adequate deterrent."). Indeed, plaintiff is explicitly admonished that the filing of any future lawsuit determined to be frivolous or harassing in nature will likely result in the imposition of monetary sanctions against plaintiff, including an order to pay Niello's attorney's fees incurred as a result of the filing. Thus, it does not appear that the additional pre-filing restrictions sought by Niello for filings in this district is necessary at this time. However, as with the admonition regarding monetary sanctions, plaintiff is cautioned that future frivolous filings in this district may well result in the imposition of pre-filing restrictions.

III. Conclusion

Accordingly, it is hereby ORDERED that the November 28, 2018 order to show cause (ECF No. 138) is discharged.

Further, it is RECOMMENDED that:

1. Niello's motion to enjoin plaintiff from relitigating against it and its affiliates the issues adjudicated in this action (ECF No. 120) be granted;

2. Plaintiff be permanently enjoined from relitigating, or attempting to relitigate, by commencing or filing, in any federal or state court any future action, petition, complaint, or cause of action seeking adjudication of the factual and/or legal issues adjudicated and dismissed in this action;

3. The injunction apply to plaintiff's filing under any name or alias, including the name of any entity owned or controlled by plaintiff Eric Drake or any of his aliases, including: Eric Drake;

7

E. Drake; Eric von Drake; E. Drak; E.V. Drake; V. Drake; Eric Michaels; WVPG, LLC; Eric von Rogers; David Wayne Rogers; and Mark Fuller; and

    4. Niello's motion to declare plaintiff a vexatious litigant and for issuance of a pre-filing order (ECF No. 120) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2020.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE